UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| GREGORY J. STARK, a Canadian citizen and Washington resident,<br><br>Plaintiff,<br><br>v.<br><br>MARKEL AMERICAN INSURANCE COMPANY, a Virginia corporation; and DMA & ASSOCIATES, INC., a Washington corporation,<br><br>Defendants. | Case No. C17-1498 RSM<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND |

## I. INTRODUCTION

This matter comes before the Court on Plaintiff Gregory Stark's Motion for Remand, Dkt. #7. Plaintiff moves the Court for an order remanding this action to King County Superior Court and for an award of fees and costs under 28 U.S.C. § 1447(c). *Id.* Defendant Degginger McIntosh & Associates ("DMA") joins in requesting remand. Dkts. #9 and #17. Defendant Markel American Insurance Company opposes remand and fees. Dkt. #14. The Court has determined that oral argument is unnecessary. For the reasons below, the Court agrees with Mr. Stark, GRANTS his Motion, REMANDS this case to King County Superior Court, and awards fees.

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 1

## II. BACKGROUND

In 2015, Mr. Stark purchased a 1960 66-foot long Chris Craft vessel. *See* Dkt. #1-2 at 3, ¶9. He renamed the boat the GRACE. *Id*. at 4, ¶11. Mr. Stark contacted DMA, his previous insurance broker, and sought to increase the amount of insurance. He later informed DMA that he had found a boathouse to moor the GRACE. *Id*. at 4–5, ¶¶12–16. DMA then sent Mr. Stark an application for an insurance quote from Defendant insurance company Markel and Mr. Stark completed the form. *Id*. at 6, ¶¶23–24. Mr. Stark alleges that, late in the underwriting process, Markel made a change to the policy eliminating coverage for the GRACE if it was afloat on the water, and that this was not clearly communicated to Mr. Stark.

On May 21, 2017, approximately six months after the Policy was finalized, an accidental fire broke out at the boathouse, completely destroying the GRACE. *Id*. at 11, ¶54. Markel later sent Mr. Stark a reservation of rights letter, reserving the right to deny coverage on the basis that GRACE was afloat on the water.

On September 5, 2017, Mr. Stark initiated a state court action in King County Superior Court against the instant Defendants for reformation of the Markel Policy on the basis that Markel had operated under a mistake of fact regarding the GRACE's seaworthiness when it issued the Markel Policy. *See id*. Mr. Stark also asserted a claim against Markel for violation of the Washington Consumer Protection Act for its misleading and deceptive conduct in the underwriting and issuance of the Markel Policy. *Id.* Finally, he asserted claims against DMA for breaching its professional and fiduciary duties by failing to procure the insurance appropriate to cover the GRACE. *Id*.

Two days after Mr. Stark filed suit in state court, Markel filed an action in this court, seeking declaratory judgment that there is no coverage under the Markel Policy and that the

policy should not be equitably reformed. *See* Case No. 2:17-cv-1345-RSM. On October 5, 2017, Markel also removed Mr. Stark's state court action to this Court in the instant matter. Dkt. #1. Mr. Stark filed the instant Motion to Remand on October 12, 2017. Dkt. #7.

### III. DISCUSSION

#### A. Legal Standard

When a case is filed in state court, removal is typically proper if the complaint raises a federal question or where there is diversity of citizenship between the parties and the amount in controversy exceeds $75,000. 28 U.S.C. §§ 1331, 1332(a). Typically it is presumed "'that a cause lies outside [the] limited jurisdiction [of the federal courts] and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Courts "strictly construe the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "The 'strong presumption' against removal jurisdiction means that the defendant always has the burden of establishing that removal is proper." *Id.* (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288-290, 58 S. Ct. 586, 82 L. Ed. 845 (1938)). An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005).

#### B. Analysis

##### 1. Remand

In this case, Defendant Markel presents two bases for removal: (1) that this Court has admiralty and maritime jurisdiction over Mr. Stark's reformation claim against Markel because

the Markel Policy is a marine insurance policy; and (2) that the Court will have diversity jurisdiction once Markel files a motion to sever Mr. Stark's claims against DMA, a non-diverse party. Dkt. #1 at 2–3.

The statutory grant of admiralty jurisdiction provides: "The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled…" 28 U.S.C. § 1333. Mr. Stark argues that courts interpreting 28 U.S.C. § 1333's "saving to suitors clause" have held that policyholders have "the freedom to choose a state court forum to litigate claims involving marine insurance contracts." Dkt. #7 at 5 (citing *Coronel v. AK Victory*, 1 F. Supp. 3d 1175, 1185–86 (W.D. Wash. 2014) ("[M]aritime suitors have had the option of bringing maritime claims... in federal court under admiralty jurisdiction, in state court, or in federal court under an independent ground of jurisdiction such as diversity of citizenship.")). Mr. Stark argues that because of the state court's concurrent jurisdiction, "state court savings-clause cases are not removable to federal court unless there is an independent basis for federal jurisdiction." *Id*. at 5–6 (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1069 (9th Cir. 2001) ("[S]aving clause claims brought in state court are not removable under 28 U.S.C. § 1441 absent some other jurisdictional basis, such as diversity or federal question jurisdiction."); *Coronel*, 1 F. Supp. 3d at 1169; Admiralty Jurisdiction and Marine Insurance: 16 Couch on Ins. § 229:11). Mr. Stark argues that the facts of this case mirror *Coronel*. *Id*. at 7. Mr. Stark argues that Markel's diversity jurisdiction theory should be rejected because Markel cannot establish that joinder of DMA was "fraudulent." *Id*. at 8 (citing *Hunter*, 582 F.3d 1039 at 1043). Joinder is fraudulent only when "the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 4

settled rules of the state." *Morris*, 236 F.3d at 1067 (internal quotation marks omitted). Mr. Stark argues why he has adequately stated a cause of action against DMA. Dkt. #7 at 9.

In Response, Markel argues that the Court should rule on consolidating this matter with Case No. 2:17-cv-1345-RSM before ruling on the instant Motion. Dkt. #14 at 5–6. Markel argues that this court has admiralty jurisdiction over this matter, citing cases, but fails to establish that this court has *exclusive* jurisdiction or address Mr. Stark's arguments and case law for concurrent jurisdiction and remand where a plaintiff has first-filed in state court. *La Reunion Francaise SA v. Barnes*, 247 F.3d 1022, 1024 (9th Cir. 2001), cited by Markel, is easily distinguishable for purposes of this Motion in that there was no first-filed action in state court in that case. *La Reunion* does not discuss the saving to suitors clause, neither does Markel's briefing. Markel next argues that diversity jurisdiction should exist here after severance of DMA as a Defendant, but Markel again fails to address Mr. Stark's arguments on this issue. Markel argues only that Mr. Stark named DMA "in order to skirt applicable federal jurisdiction" and that the claims against these two defendants "are contradictory and cannot be made together." Dkt. #14 at 9. Markel argues that "DMA is not a party to Stark's controversy with [Markel] under any reasoning." *id*. at 14.

On Reply, Mr. Stark argues that he was entitled to file his lawsuit in state court in the first instance, and that Markel cites no authority to the contrary. *See* Dkt. #16 at 3. Mr. Stark argues that this is true regardless of whether his claims are equitable in nature. *Id*. (citing *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 445 (2001); *Coronel*, 1 F. Supp. 3d at 1182). With regard to Markel's attempts to have the court sever claims against DMA to create diversity, Mr. Stark argues that "there is nothing improper in joining claims against [DMA], Mr. Stark's insurance broker, in the same case as Markel, the insurer, where the material facts

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 5

underpinning the claims against each entity include what Mr. Stark communicated to [DMA] and what [DMA] in turn communicated to Markel." *Id*. at 5 (citing Dkt. #7 at 8–9). Mr. Stark presents arguments for why his claim against DMA is not unripe or otherwise inconsistent with his reformation claim against Markel. *Id*. at 5–6.

DMA also files a Reply. DMA argues that Markel's request to consolidate the two parallel actions is premature, and that "DMA views the state court as the proper forum for this action." Dkt. #17.

The Court agrees with Mr. Stark's arguments regarding concurrent jurisdiction. Markel has failed to meet its burden to demonstrate that removal was appropriate given the state court's concurrent jurisdiction under 28 U.S.C. § 1333's saving to suitors clause. Markel has also failed to convince the Court that DMA was included in this case fraudulently, that Mr. Stark does not have a cause of action against DMA, or that the claims against these two Defendants are not related. That Mr. Stark's claims against DMA and Markel may be contradictory is an issue for the state court to unravel and does not in itself satisfy the test for severance. If this case were remanded, there would be no need to consolidate with the other federal action, or wait for motions to be heard in that action. In the Court's view, this Motion is the obvious first issue to be resolved between the parties. DMA appears to agree with Mr. Stark and the Court on all counts. Given all of the above, and the strong presumption against removal jurisdiction, the Court will grant the Motion for Remand.

2. **Attorney Fees**

Mr. Stark also moves for fees under 28 U.S.C. § 1447(c). Dkt. #7 at 11. Markel argues that it has presented "multiple bases for removal, all objectively reasonable." Dkt. #14 at 15. The Court disagrees. Markel has unreasonably failed to respond to Mr. Stark's arguments for

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 6

concurrent jurisdiction based on well-established Ninth Circuit law, and presented arguments for severance without addressing the appropriate standard. The Court finds it unreasonable that Markel has focused so intently on the issue of judicial efficiency given the dispositive law cited by Mr. Stark. Given all of this, the Court shall award fees.

## IV. CONCLUSION

Having reviewed the relevant pleadings, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that:

1. Plaintiff Stark's Motion to Remand (Dkt. #7) is GRANTED.

2. Plaintiff is entitled to fees and costs under 28 U.S.C. § 1447(c). **No later than ten (10) days from the date of this Order**, Plaintiff may file a Supplemental Motion for Attorneys' Fees, noted pursuant to LCR 7(d), and limited to six (6) pages and supported by documentary evidence reflecting the amount of fees and costs sought. Plaintiffs may file a Response addressing only the reasonableness of the fees and costs requested, and limited to six (6) pages. No Reply is permitted.

3. This case is hereby REMANDED to the Superior Court of Washington State in and for the County of King.

4. This matter is now CLOSED.

DATED this 7th day of November 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND - 8