1
2
3
4

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

5
6
7
8
9
10
11
12

| | |
|---|---|
| GREGORY J. STARK, | Case No. C17-1498RSM |
| Plaintiff, | ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES |
| v. | |
| MARKEL AMERICAN INSURANCE COMPANY, *et al.*, | |
| Defendants. | |

13
14
15

This matter comes before the Court on Plaintiff Gregory Stark's Motion for Attorney's

16

Fees, Dkt. #20, submitted pursuant to the Court's November 7, 2017, Order awarding fees and

17

costs under 28 U.S.C. § 1447(c). Dkt. #19 at 7. Mr. Stark requests $16,009 in fees "for work

18

spent briefing the Motion to Remand [in this case], opposing Markel American's Counter

19

Motion [in the parallel action, Case No. 17-1345-RSM], and preparing this supplemental

20

motion." Dkt #20 at 1. Defendant Defendant Markel American Insurance Company

21

("Markel") opposes this Motion. Dkt. #23.

22

28 U.S.C. § 1447(c) states that the Court may award payment of "just costs and any

23

actual expenses, including attorney fees, incurred as a result of the removal." District courts

24

have broad discretion to determine the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d

25
26

1392, 1398 (9th Cir. 1992). To make this determination, courts determine the "lodestar

27

amount," which is calculated by multiplying the number of hours reasonably expended by a

28

reasonable hourly rate. *Camacho v. Bridgeport Fin., Inc.*, 523 F.3d 973, 978 (9th Cir. 2008).

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES - 1

The lodestar figure is presumptively a reasonable fee award. *Id.* at 977. The court may adjust the lodestar figure up or down based upon the factors listed in *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir.1975). The court need not consider the *Kerr* factors, however, unless necessary to support the reasonableness of the fee award. *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1158 (9th Cir. 2002).[1] In the Ninth Circuit, "the determination of a reasonable hourly rate 'is not made by reference to the rates actually charged the prevailing party.'" *Welch v. Metro. Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007) (quoting *Mendenhall v. Nat'l Transp. Safety Bd.*, 213 F.3d 464, 471 (9th Cir. 2000)). "Rather, billing rates should be established by reference to the fees that private attorneys of an ability and reputation comparable to that of prevailing counsel charge their paying clients for legal work of similar complexity." *Id.* (internal quotation omitted). "Affidavits of the plaintiffs' attorney and other attorneys regarding prevailing fees in the community, and rate determinations in other cases, particularly those setting a rate for the plaintiffs' attorney, are satisfactory evidence of the prevailing market rate." *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). "The party seeking fees bears the burden of documenting the hours expended in the litigation and must submit evidence supporting those hours…" *Welch*, 480 F.3d at 945-46 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The district court "should exclude any hours 'that are excessive, redundant, or otherwise unnecessary.'" *McCown v. City of Fontana*, 565 F.3d 1097, 1102 (9th Cir. 2009) (quoting *Hensley*, 461 U.S. at 434).

The Court will first address the hourly rate. The Court finds that Mr. Stark's requested rates of $475 for lead counsel Jack Zahner and $320 for associate Adrienne McKelvey are

---

[1] Additionally, numerous courts have subsequently held that the bulk of these factors are subsumed in the lodestar calculation. *See, e.g., Blum v. Stenson*, 465 U.S. 886, 898-900, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984).

reasonable, based on the experience, skill, and education of each attorney, and supported with citations to relevant cases where similar billing rates were awarded. *See* Dkt. #20 at 3.

The Court next turns to the hours requested. The Court finds that it may only award Mr. Stark reasonable fees for time spent briefing the Motion to Remand in this case and not for opposing Markel's Counter Motion in the parallel case. *See* 28 U.S.C. § 1447(c). As is its typical practice, the Court declines to award fees for time spent preparing the instant Motion.

The Court has reviewed the specific billing entries[2] and finds that the hours spent researching the issues in this case and drafting the briefing related to the Motion to Remand are reasonable. The Court will not award fees for entries related to opposing the Counter Motion, and calculates those hours at 4.8 hours billed at $320 and 0.9 hours billed at $475. The Court will not award the 5.8 hours billed at $320 related to the instant motion. Subtracting these amounts from the bill, the Court calculates the total award at $12,190.

Having reviewed the relevant briefing, the declarations and exhibits attached thereto, and the remainder of the record, the Court hereby finds and ORDERS that Plaintiff Stark's Motion for Attorney's Fees, Dkt. #20, is GRANTED IN PART as stated above. Defendant Markel shall pay Plaintiff $12,190 in attorney's fees within twenty-one (21) days of this Order.

DATED this 12th day of December, 2017.


RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The Court notes that the record of attorney hours submitted by Mr. Stark is difficult to follow because there are no dates for the billing entries. *See* Dkt. #21 at 4–5. In the future, the Court advises Mr. Stark's attorneys to submit billing records with dates to avoid confusion and the potential denial of such a motion in its entirety.

ORDER GRANTING PLAINTIFF'S MOTION FOR ATTORNEY FEES - 3